Alvin Hawkins, J.,
delivered the opinion of the Court.
James S. Demoss died on the 26th November, 1864, after haying made a will on the 27th of May, 1854.
The will was admitted to probate in the County Court of Davidson County, the county in which the *257 testator resided at tbe time of his death, on the 2d of June, 1865.
By this will, the testator gave to his wife, Harriet L., a large real and some personal estate, absolutely, and an estate for life in other valuable realty.
Subsequent to making the will, h<3 acquired a large personal estate, as to which he died intestate.
He died, leaving his wife, Harriet L., surviving him, but without children or the descendants of children, living.
The widow has failed to dissent from the will of her deceased husband, and claims that she is entitled to the devises and bequests thereof; and that she is entitled, under the laws of distribution, to the whole, of the personal estate as to which her husband died intestate, after payment of debts, etc.
The next of kin of the deceased, being brothers and sisters, claim, that inasmuch as the widow has not only failed to dissent from the will of her deceased husband, but also claims under the same, she thereby made her election to take under the will, and they are therefore entitled to the personal estate as to which the husband died intestate, to the exclusion of the widow.
The administrator with the will annexed, has filed this bill against all the parties, for the purpose of having their rights declared.
The Special Chancellor sitting in the cause, held that the widow, having failed to dissent from the will, and having accepted the benefits thereof, could not *258 claim as distributee of the husband in the personal estate, as to which he died intestate.
“ Prior to the Act of 1784, chapter 22, a devise to a wife by her husband was not held to be in satisfaction of dower, unless it were so expressed, or the implication that it was so intended, was too strong to be resisted, and she might take both her dower and her bequest:” 8 Hum., 577.
But under that statute a different rule has prevailed, and it has been repeatedly holden by this Court, in construing that statute, that a provision for the wife in a will of itself forced her to elect whether she would take under or against the will; and if she failed to enter her dissent to the will within the time allowed by law, it should be considered that the provision made for her was fully satisfactory, and that she had elected to take under the will, and could therefore take no other part of the husband’s estate, even though he may have died intestate as to a portion of his estate.
This was the well-settled law of this State from the passage of the Act of 1784, before referred to, up to the time the Code went into effect, to-wit.: May 1st, 1858.
If the question now presented depended upon the construction to be given to the Act of 1784, it could not be regarded as an open question.
The widow having failed to enter her dissent to the will, and accepted the legacies in her favor, could not also take as distributee of her husband.
It is, however, insisted upon the part of the widow, and as we think, correctly, that the provisions of the *259 Code touching the questions involved are materially different from the provisions of the Act of 1784; and that, under section 2429, she is entitled to the entire personal estate as to which her husband died intestate, after the payment of the debts, etc.
It is, however, contended upon the part of the next of kin, that the several sections of the Code must be construed in pari materia, and as parts of the same statute; and that, although the widow, Harriet L., might be entitled to the personal estate as to which her husband died intestate, under the provisions of section 2429, if it stood alone as a complete and independent statute, yet, when that section is brought into juxtaposition with section 2404, and construed together with it, that it will be found the provisions of the two sections are substantially the same as the Act of 1784. The rule of construction contended for is certainly correct.
But will an examination of these' sections of the Code, and of the Act of 1784, lead to the result contended for? We think not.
The Act of 1784, chap. 22, sec. 8, provided, that if any person should die intestate, or should make his last will and testament and should not therein make such provision for his wife as should be fully satisfactory to ■ her, she might dissent thereto within six months after the probate of the same; and in either case, she should be entitled to dower in the following manner, to-wit: One-third part of all the lands, tenements and hereditaments of which her husband died seized or possessed.
The same section, after proceeding to declare that the widow shall be entitled to dower in ■ lands which *260 had been fraudulently conveyed for the purpose of defeating her dotver, and prescribing the manner of laying off the same, etc., provides further:
“And furthermore, if such husband shall die leaving no children, or not more than two, then and in that case, she shall be entitled to one-third part of the personal estate; but if such husband shall die leaving more than two children, then and in that case, such widow shall share equally with all the children — she being en-tled to a child’s part.”
Under this statute, if the husband died intestate, leaving no child or not more than two, the widow was entitled not only to dower in one-third of the lands of which he died seized or possessed, but also to one-third of the personal estate of the husband.
But if the husband died leaving a last will and testament, she was not entitled to either dower in the husband’s lands, or a distributive share in his personal estate, or anything except what the will gave her, unless she entered her dissent thereto within six months after probate thereof.
If, however, within that time, she entered her dissent, instead of being entitled to a legacy under the will, she was entitled under the statute to dower in the husband’s lands, and to a distributive share in his personal estate, as though he had died intestate.
In the one case, her rights to dower in her husband’s lands and to a distributive share in his personal estate, were made to depend upon the fact that her husband died intestate or left no will.
In the other case, where her husband left a will, her rights to dower in his lands, or to a distributive share *261 of his personalty, were made to depend upon the fact of her -dissent to the will. And it made no difference as to her rights under the statute, whether the husband disposed of his entire estate by the will, or died intestate as to a part thereof. And although her husband may have died intestate as to a part of his estate, the fact that he left a will preclued her from claiming otherwise than under the will, unless she entered her dissent thereto.
Hence, it is well settled, as before stated, by a long line of judicial decisions in this State, that, under the Act of 1784, in case the husband died leaving a will, the widow was forced to elect whether she would take under the will or under the statute — under the law of her husband or the law of the land — that she could not take under both. If she claimed under the will, she was not entitled under the statute.
To entitle her to dower, and distribution under the statute, she must have made an election by entering her dissent to the will.
Now, what are the provisions of the Code, touching these questions?
Section 2398 provides, that, “If any person dies intestate, leaving a widow, she shall be entitled to dower in one-third part of all the lands of which her - husband died seized and possessed, or of which he was equitable owner.” And in the same connection it is provided by section 2404, that “a widow may dissent from her husband’s will—
“1. When a satisfactory provision in real or personal estate is not made for her — in which case she shall sig *262 nify her dissent in open court, within one year after the probate of the will.
“2. "Where a provision in personal estate is' made for her, but the whole of the husband’s property, including the bequest, is taken for the payment of his debts, in which case, without any formal dissent, she may sue for her dower; and, in both cases, she shall be endowed as if 'her husband had died intestate.”
This Court, in the case of Gupton vs. Gupton, 3 Head, 488, in construing this section, held, that the word “endowed” embraced the personal estate of the husband, so as to allow the widow to participate in that, according to the laws governing the distribution of the estates of persons dying intestate.
The provisions of section 2429 of the Code, are as follows, to-wit:
“The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows:
“1st. To the widow and children, &c.
“2d. To the widow, altogether, if there are no children, nor the descendants of children.”
Now, under these provisions of the Code, if the husband dies intestate, leaving no children, nor the descendants of such, the widow is entitled to dower in his lands, and to the whole of his personal estate, after the payment of debts, &c.
But in case the husband leaves a will, then he does not die intestate, and the widow is not entitled to dower in his lands, unless she enters her dissent to the will, — or" the whole of the husband’s property, in- *263 eluding the bequest of personalty to the wife, is taken for the payment of his debts.
With this exception, the right of the widow to dower in the lands of the husband, under the Code, as well as under the Act of 1784, are made to depend upon the fact that- her husband died intestate; or in case he left a will, upon the fact that she entered her dissent thereto within the time required by the statute.
In the latter case, she is entitled • not only to dower in the lands, but also to participate in the distribution of the personal estate of the husband, as though he had died intestate. Thus placing it out of the power of the husband to defeat his widow in her right to dower in his lands, and to a distributive share in his personal estate. But this is not a case of the total intestacy of the husband, as contemplated by the Act of 1784, or by section 2398 of the Code.
If it were, then the widow would clearly be entitled, not only to dower, but under section. 2429 of the Code, also, to the whole of the husband’s personal estate, after payment of debts, &c.
Neither is it a case of the widow, dissenting from her husband’s will. If it were, then, under section 2404 of the Code, and the Act of 1859-60, ch. 3, the widow would be entitled to dower as though the husband had died intestate; and, in addition thereto, to oné-third part of the personal estate.
The Act of 1859-60, ch. 3, by its terms, applies alone to cases in which the widow dissented from the will of the husband.
Neither is it a case of dower. If it. were, then the *264 husband, having left a will, and the widow having failed to dissent thereto, and the whole of the husband’s property, including the bequest to the wife, not having been appropriated to the payment of his debts, the widow would not be entitled to dower.
But it is a case of the partial intestacy of the husband, and in which the widow has accepted the provisions of the will; and the question is — is she also entitled to participate as a distributee, in the personal estate as to which her husband died intestate.
It must be observed that the right of the widow to take as distributee of the husband, is not, under the Code, made to depend as by the Act of 1784, upon the fact that her husband died without a will; or leaving a will, that she has dissented thereto; but, upon the question, did the husband die intestate as to the property in which she claims an interest as distributee.
The Act of 1784 applied to cases of total intestacy alone, while section 2429 of the Code embraces both cases of total and of partial intestacy; and the rights of the widow, as distributee under the provisions of the section last mentioned, depend upon the status of the property; as to it, did her husband die intestate.
If he did, then she is entitled, as distributee, notwithstanding he may have left a will, as to other property, from which she has failed to dissent.
Such are the clear and unambiguous provisions of the section; and to hold otherwise, it seems to us, would be doing violence to the provisions of the statute, and defeating the clearly expressed intention of the Legislature.
*265 The identical language of the Act of 1784, touching the right of the widow to dower in the husband’s lands — “if any person die intestate” — is carried into the Code, at section 2398, where the Legislature again undertakes to declare and regulate her right to dower in her husband’s lands.
This identical language is employed in the Act of 1784, to declare the rights of the widow, as distributee of her husband; and as we have seen, operated to change the laws of distribution existing prior to the date of that Act.
But when the Legislature again undertook to declare and regulate the rights of the widow as dis-tributee, (Code, section 2429,) the language of the Act of 1784 is dropped, and instead thereof, this language is employed: “The personal estate as to which any person dies intestate.”
If it were conceded the object of the compilers of the Code and of the Legislature, was to provide for cases of partial as well as of total intestacy, and to make the law of distribution the same in both cases, and thus restore the rule as it existed prior to the Act of 1784, in cases of partial intestacy, it would be difficult to conceive of any language or force of expression more appropriate to accomplish the end than that employed in section 2429.
We are forced to the conclusion such was the intention.
It is not contended that there is any thing in the will indicating an intention upon the part of the testator to exclude his widow from a participation as dis-tributee in the personal estate as to which he might die intestate.
*266 The case of Gupton vs. Gupton, 3 Head, 488, relied on in argument, was a case in which the widow had dissented from her husband’s will and turned upon the construction of section 2404 of the Code.
The case of Waddell vs. Terry et al., 4 Cold., 51, has been cited in support of the claims of the next of kin, not as controlling authority in this case, because it is conceded the question upon which this case must turn, did not arise in that case; but it is relied upon as persuasive authority in support of the proposition that the rights of the widow as distributee in cases of the partial intestacy of the husband, are the same under the Code as under the Act of 1784..
That, too, was a case in which the widow had entered her dissent to the will of the husband, and turned upon the construction of the will and the question as to the effect of the widow’s dissent.
The attention of the Court was not called to the precise question involved in this case, nor was it necessary to have expressed any opinion upon the question as to the rights of the widow as distributee of the husband, in case of the partial intestacy of the husband and the failure of the widow to dissent from the will.
We are, therefore, constrained to regard the language of the learned Judge who delivered the opinion of the Court in that case, touching the question now under consideration, as mere dictum.
Upon the whole, we think the decree of the Chancellor is erroneous. It will be reversed, and a decree entered here in accordance with this opinion.